# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

### ISRAEL P. GRANT AND WRIGHT DE WATERS, APPELLANTS, v. JOHN BURCH, RESPONDENT.

*Sale — agreement to take a machine on trial — when the purchaser is not required to give it a reasonable trial.*

APPEAL from a judgment of the Chemung County Court, entered in favor of the defendant on the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the court.

The action was brought to recover the price of a reaper claimed by the plaintiffs to have been sold to the defendant.

After considering some objections to the receipt of evidence, the court at General Term said : " The last objection urged by the plaintiffs is, that the judge refused to charge, at their request, that if the defendant took the reaper on trial he was bound to give it a reasonable trial. The defendant insisted (and that presented one of the issues and the principal issue) that the bargain was, that the reaper should be left there for him on trial, and that if he liked the machine and was suited with it, he was to keep it and pay for it. The plaintiffs insisted that the defendant was to purchase the machine, and that if it did first-class work he was to pay for it; if not he was to notify the plaintiffs, and they were to put it in order. Now, we cannot say that the judge erred in his refusal. If the machine was, as the defendant claimed, only left on trial, and was to be kept only if the defendant was suited with it, we cannot say that the defendant was under any obligation at all to make a trial. Such an arrangement gives the expected purchaser the privilege of trying the machine, but it leaves it quite to his own judgment whether he is suited. And if it is for his own judgment to decide whether he

is suited, then the giving a fair trial is of no consequence. If the bargain had been, that if the reaper worked well the defendant was to keep it, then he might be bound to give it a fair trial. But if the bargain was only, that if it suited him he was to keep it, then the keeping it was left to his choice. He was to determine, and not a jury, whether or not it suited him."

*Smith & Robertson*, for the appellants.

*S. S. Taylor* and *David B. Hill*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., OSBORN and RUMSEY, JJ.

Judgment and order affirmed, with costs.